IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSIE H. GOSS, JR.                                                                            PLAINTIFF

v.                                Civil No. 08-2073

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jessie Goss, Jr., brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff filed his applications for DIB and SSI on May 30, 2004, alleging an onset date of July 7, 2000, due to ischemic heart disease, chest pain, chronic lower back pain, degenerative disk disease, migraine headaches, high blood pressure, and arthritis in the right knee and hip. (Tr. 73-75, 124). His application was initially denied and that denial was upheld upon reconsideration. (Tr. 33-36, 46-53). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on May 24, 2006. (Tr. 54, 429-433, 434-465). Plaintiff was present and represented by counsel.

At this time, plaintiff was 48 years of age and possessed a the equivalent of a high school education. (Tr. 13, 83, 102, 118, 124, 441). He had past relevant work ("PRW") as an auto mechanic helper and truck driver.

On September 24, 2007, the ALJ found that plaintiff's obesity, coronary artery disease (status postoperative coronary artery bypass), and multiple arthralgias were severe impairments, but he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 14, 21). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; sit for at least 6 hours during an 8-hour workday but requires a sit/stand option; stand for at least 2 hours during an 8-hour workday; and, occasionally operate foot controls. The ALJ also determined that plaintiff requires a handheld assistive device for ambulation and could not climb, balance, kneel, crouch, stoop. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a motor vehicle dispatcher, cashier, and bench assembler. (Tr. 20-21, 22).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 2, 2008. (Tr. 3-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion**

Of particular concern to the undersigned is the ALJ's failure to develop the record concerning plaintiff's intellectual abilities. Because a social security hearing is a non-adversarial

proceeding, the ALJ has a duty to fully develop the record regarding the claimant's impairments. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). That duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *Id.*

Records indicate that plaintiff had been diagnosed with coronary artery disease status post quintuple bypass surgery, obesity, degenerative joint disease, probable osteoarthritis of the hip, and arthralgias. The evidence also shows that plaintiff dropped out of school in the ninth grade and later received his GED. However, plaintiff took an employment survey test in January 2006, which revealed that plaintiff's reading skills were on a 5th grade level, his math skills were on a 5th grade level, and his language skills were at a 1st grade level. (Tr. 123). Plaintiff's total score fell on a 3rd grade level. Plaintiff's counsel questioned plaintiff about these scores and plaintiff testified that he dropped out of school in the 9th grade because he was "no good in it." (Tr. 458). When we look at plaintiff's PRW, we note that he has experience as an auto mechanic's assistant and a truck driver (hauling cows), neither of which, as described by plaintiff, required a great level of intellectual ability. And, due to the exertional requirements of these positions, plaintiff is not able to return to his PRW.

In spite of plaintiff's testimony at the hearing regarding his test scores, the ALJ did not discuss this issue in his opinion, include any such limitations in his RFC assessment, or send plaintiff for a consultative examination. Clearly, plaintiff's intellectual deficits impact his ability to perform work in the national economy. Therefore, given plaintiff's limited education, work experience, the test scores contained in the record, and the educational requirements for the positions the Vocational Expert testified that plaintiff can still perform, we believe that the ALJ should have developed the record further regarding plaintiff's intellectual abilities. Therefore,

4

on remand, the ALJ is directed to send plaintiff for a consultative evaluation concerning his intellectual ability to perform work that exists in significant numbers in the national economy.

Further, we note that plaintiff underwent quintuple bypass surgery in March 2006. However, the record does not contain an RFC assessment from plaintiff's cardiologist. On remand, the ALJ is also directed to address interrogatories to him, asking him to review plaintiff's medical records during the relevant time period; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for his opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of September 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE